**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **TYMIR CLARK,**<br>**Plaintiff,**<br><br>**v.**<br><br>**LENTEGRITY, LLC,**<br>**Defendant.** | **CIVIL ACTION**<br><br><br><br>**NO. 25-6796** |

# MEMORANDUM

**HODGE, J.** **August 7, 2026**

## I. INTRODUCTION

In this action, *pro se* Plaintiff Tymir Clark ("Plaintiff") asserts claims against Defendant Lentegrity, LLC ("Defendant") under the Fair Credit Reporting Act, Pennsylvania Unfair Trade Practices and Consumer Protection Law, Uniform Commercial Code, and Pennsylvania common law arising out of Defendant's financing agreement with Plaintiff for a 2019 Dodge Charger that Plaintiff purchased from a car dealership. (ECF No. 2.) Defendant filed an answer to Plaintiff's Complaint (ECF No. 11 at 1–29 (the "Answer")), [1] which asserted counterclaims therein for breach of contract, account stated, and unjust enrichment. (*Id.* at 29–32 (the "Counterclaim").) Plaintiff moved to dismiss Defendant's Counterclaim (ECF No. 12 (the "Motion")), and Defendant opposed Plaintiff's Motion (ECF No. 13 (the "Opposition")).[2] Plaintiff filed a Reply in Further Support of

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

[2] Plaintiff also filed a Notice of Errata (ECF No. 18) in response to errors identified in Defendant's Opposition. This Court accepts Plaintiff's corrections and has taken them into account in evaluating the present Motion. However, the Court notes that several of Plaintiff's corrected cases still do not stand for the propositions they are cited for, and further notes that Plaintiff's Motion fails to support many of its legal contentions with any relevant case law at all. (*See, e.g.*, *id.* ¶¶ 11–13 (citing *First Seneca Bank & Trust Co. v. Laurel Mountain Dev. Corp.*, 471 A.2d 875 (Pa. Super. 1984) (considering a debtor's petition to reopen judgment)); ECF No. 12 ¶ 42 (citing *First Seneca* for the proposition that "[a] party in prior material breach cannot sue for breach").) Plaintiff is

his Motion. (ECF No. 14.) For the following reasons, Plaintiff's Motion is granted and Defendant's Counterclaim is dismissed without prejudice and with leave to amend.

## II. BACKGROUND

### A. Factual Background

In considering the facts, the Court accepts, as it must, all well-pleaded facts in Defendant's Counterclaim as true. The Court may also rely on any facts pled in the Complaint that Defendant admitted to in its Answer. *Barnett v. Platinum Equity Cap. Partners II, L.P.*, No. 2:16-CV-1668, 2017 WL 3190654, at *3 (W.D. Pa. July 27, 2017). As described in the Counterclaim, Plaintiff entered into a retail installment sale contract (the "Financing Agreement") with JAB Automotive, LLC ("JAB"), a New Jersey dealership, on or about April 8, 2021, to finance Plaintiff's purchase of a 2019 Dodge Charger (the "Vehicle").[3] (Counterclaim ¶ 4; Answer ¶ 9.) JAB failed to transfer lawful title or registration to Plaintiff. (Answer ¶ 10.)

On or about May 24, 2021, JAB assigned the Financing Agreement to Defendant.[4] (Counterclaim ¶ 5.) Under the Financing Agreement, Plaintiff agreed to make seventy-five payments of $820.03 per month beginning on June 16, 2021. (Counterclaim ¶ 4.) Plaintiff failed to make timely payments due under the Financing Agreement, and Plaintiff's balance of

---

reminded that he must abide by Federal Rule of Civil Procedure 11(b), which requires an "unrepresented party [to] certif[y] that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that all claims and legal contentions are "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law" and that all "factual contentions have evidentiary support" or "will likely have evidentiary support" after discovery. Failure to do so may result in sanctions. Fed. R. Civ. P. 11(c).

[3] The Court notes that it will consider the Financing Agreement itself in evaluation of the Motion because it is attached to the Counterclaim and is "integral" to it. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

[4] Although the Counterclaim alleges the contract was assigned to Defendant on May 24, 2022, Defendant asserts in its Opposition that this was a typographical error, and the correct date of the assignment is May 24, 2021. (Opposition at 4.)

$48,041.51 is currently due.[5] (Counterclaim ¶¶ 6–8.) At an unspecified time, Defendant obtained the original title and lien release for the Vehicle from Chrysler Capital Auto Lease LTD ("CCAP"). (Answer ¶ 12.) Defendant requested but was unable to get Plaintiff's assistance in perfecting a lien on the Vehicle. (Answer ¶ 12.)

On August 25, 2022, Defendant sent a letter to Plaintiff explaining that JAB failed to perfect Plaintiff's interest and Defendant's security interest in the Vehicle.[6] (Answer ¶ 13; ECF No. 2 at 55–56.) The letter proposed an agreement between Plaintiff and Defendant whereby, *inter alia*, Plaintiff would surrender possession of the Vehicle to Defendant, Defendant would return payments to Plaintiff in the amount of $3,283.72, Plaintiff would be released from further obligations under the Financing Agreement, and Plaintiff would discharge Defendant from any claims he may have had against Defendant. (ECF No. 2 at 55–56.) The agreement was not signed by Plaintiff. (*Id.*) Defendant communicated in writing with Plaintiff on other unspecified occasions regarding the Vehicle and balance on his account. (Answer ¶ 19.)

### B. Procedural History

Plaintiff filed his Complaint in this Court on December 1, 2025. (ECF No. 2.) On January 26, 2026, Defendant filed its Answer and Counterclaim. (ECF No. 11.) Plaintiff moved to dismiss the Counterclaim on January 27, 2026, and Defendant filed its Opposition on February 3, 2026. (ECF Nos. 12, 13, 14.)

## III. CHOICE OF LAW

After reviewing the parties' briefing on the Motion, this Court requested supplemental briefing regarding what state's law applies to Defendant's Counterclaim because the parties' briefs

[5] Defendant fails to allege how many payments Plaintiff made on the Financing Agreement, if any.
[6] The Court may consider the August 25, 2022 letter in evaluation of the Motion because it is incorporated by reference in Defendant's Answer. *Buck*, 452 F.3d at 260.

cite to Pennsylvania law, but the Financing Agreement contains a provision that the contract is governed under New Jersey law. (ECF No. 11-1 at 5 ("Federal law and the law of the state of New Jersey apply to this contract."); ECF No. 22.)

When sitting in diversity, this Court applies the choice of law rules of the forum state of Pennsylvania. *Pac. Emps. Ins. v. Glob. Reinsurance Corp.*, 693 F.3d 417, 432 (3d Cir. 2012). "In contract disputes, Pennsylvania courts generally honor the parties' choice of law provisions." *Nationwide Mut. Ins. Co. v. West*, 807 A.2d 916, 920 (Pa. Super. Ct. 2002). In their supplemental briefing, both Plaintiff and Defendant agreed that New Jersey law applies to the breach of contract counterclaim based on the choice of law provision. (ECF No. 24 at 1–4; ECF No. 25 at 2–3.) This Court will honor the parties' choice of law provision in the Financing Agreement and apply New Jersey law to the breach of contract counterclaim.

As for the account stated and unjust enrichment counterclaims, Plaintiff argues that New Jersey law also applies to those counterclaims because they arise out of the Financing Agreement, and therefore the New Jersey choice of law provision governs. (ECF No. 25 at 3.) Defendant argues that Pennsylvania law applies to the account stated and unjust enrichment counterclaims because (1) the New Jersey choice of law provision in the Financing Agreement is narrow and therefore does not encompass the claims that do not directly arise from the Financing Agreement itself; and (2) there is no actual conflict between Pennsylvania and New Jersey law and therefore the law of the forum state applies.[7] (ECF No. 24 at 4–6.)

[7] Defendant misstates the applicable choice of law analysis here. Under Pennsylvania's choice of law rules, when there is no conflict at all between two states' laws, then a choice of law analysis is unnecessary, as application of both jurisdictions' laws would result in the same outcome. *Hammersmith v. TIG Ins. Co.*, 480 F.3d 220, 230 (3d Cir. 2007).

The Court agrees with Defendant that the New Jersey choice of law provision does not encompass the account stated and unjust enrichment counterclaims but finds that Pennsylvania and New Jersey law have the same outcome so both laws may be applied interchangeably. An account stated is a "variety of contract" wherein the "parties agree to a consolidated statement of debt, give up their right to bring suit on any of the underlying debts, and create a duty to pay." *Richburg v. Palisades Collection LLC*, 247 F.R.D. 457, 465 (E.D. Pa. 2008) (citing Restatement (Second) of Contracts § 282 (1981); Restatement of Contracts § 422(1) (1932)). Thus, although the account stated counterclaim is a variety of contract claim, the account stated counterclaim arises from an implied contract separate and apart from the Financing Agreement. The Financing Agreement's choice of law provision states "[f]ederal law and the law of the state of New Jersey apply to this contract." (ECF No. 11-1 at 5.) This is a narrow choice of law provision because it provides that the applicable New Jersey law is limited "to this contract." *See McDonald v. Wells Fargo Bank, N.A.*, 338 F. Supp. 3d 458, 465–66 (W.D. Pa. 2018) (holding choice of law provision providing that "federal law and the law of the state of our address shown on the front of this contract apply to this contract" was narrow). Therefore, the New Jersey choice of law provision does not control the account stated and unjust enrichment counterclaims because those counterclaims do not directly arise from the Financing Agreement.

Looking to Pennsylvania's choice of law analysis, the Court first asks whether there is a "true conflict" between New Jersey's and Pennsylvania's laws governing account stated and unjust enrichment claims. *Almond v. Janssen Pharms., Inc.*, 337 F.R.D. 90, 95 (E.D. Pa. 2020). A "true conflict" exists when the application of each state's laws would produce a different result. *Id.* Under New Jersey law, an account stated claim "requires (1) proof of the existence of a debt from a transaction or series of transactions memorialized in such a statement, (2) mutual agreement

between the debtor and creditor as to the correctness of its amount, and (3) a promise by the debtor to pay that sum." *Accounteks.Net, Inc. v. CKR L., LLP*, No. A-1067-20, 2023 WL 3331802, at *8 (N.J. Super. Ct. App. Div. May 9, 2023) (citation modified). Under Pennsylvania law, a plaintiff must establish the following elements to support an account stated claim: "(1) there has been a running account, (2) a balance remains due, (3) the account has been rendered upon the defendant, and (4) the defendant has assented to the account." *Citibank (S. Dakota) N.A. v. Ambrose*, No. 10-S-574, 2010 WL 3923159, at *405 (Pa. Com. Pl. June 8, 2010) (citation modified). Pennsylvania law also provides that "[a] copy of the current statement must be attached to the complaint showing a balance remains due." *Id.* The parties' supplemental briefs have not addressed this final requirement. However, because the New Jersey law states that an account stated claim "requires proof of the existence of a debt . . . memorialized in [] a statement," which this Court finds is effectively the same as attaching a copy of the current statement showing a balance remains due, the Court concludes there is effectively no conflict between the two states' laws. Therefore, no choice of law analysis is necessary because each states' laws may be used interchangeably. *Hammersmith*, 480 F.3d at 229.

Looking to unjust enrichment, the Court also finds there is no conflict between Pennsylvania and New Jersey law because the elements of the claim are essentially the same in each jurisdiction. *Compare Kenney v. Am. Bd. of Internal Med.*, 847 F. App'x 137, 148 (3d Cir. 2021) (holding that Pennsylvania law requires pleading the following elements for unjust enrichment: "[1] benefits conferred on defendant by plaintiff, [2] appreciation of such benefits by defendant, and [3] acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value"), *with Maersk Line v. TJM Int'l L.L.C.*, 427 F. Supp. 3d 528, 535 (D.N.J. 2019) (holding that New Jersey law requires

pleading the following elements for unjust enrichment: "(1) the defendants received a benefit and (2) the retention of that benefit without payment would be unjust").

## IV. LEGAL STANDARD

A motion to dismiss a defendant's counterclaims is evaluated under the same standard as a motion to dismiss the complaint. *Mr. Sandless Franchise, LLC. v. Karen Cesaroni, LLC*, 498 F. Supp. 3d 725, 732 (E.D. Pa. 2020). To survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim, a complaint must put forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This requires more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id*. at 678 (citation omitted). "To survive dismissal, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678).

Applying the principles of *Iqbal* and *Twombly*, the Third Circuit has articulated a three-part analysis to determine whether a complaint will survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). This three-prong inquiry involves the following: "(1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

## V. DISCUSSION

### A. Breach of Contract (Counterclaim I)

Under New Jersey law, "[a] party alleging a breach of contract satisfies its pleading requirement if it alleges (1) a contract; (2) a breach of that contract; (3) damages flowing therefrom;

and (4) that the party performed its own contractual duties."[8] *Video Pipeline, Inc. v. Buena Vista Home Ent., Inc.*, 210 F. Supp. 2d 552, 561 (D.N.J. 2002). New Jersey courts have deemed the performance element sufficiently pleaded at the motion to dismiss stage where the party asserting the breach has alleged it completed all work requested under the contract at issue. *MK Strategies, LLC v. Ann Taylor Stores Corp.*, 567 F. Supp. 2d 729, 736 (D.N.J. 2008); *see also United States ex rel. Nouveau Elevator Indus., LLC v. Valiant Grp., LLC*, No. CV 23-22423, 2024 WL 4345156, at *5 (D.N.J. Sept. 30, 2024) ("Because Plaintiff has pled full compliance with the terms of the Subcontract, the Court finds that its allegations are sufficient to meet the general averment requirements of Rule 9(c).").

Defendant's breach of contract counterclaim asserts that Plaintiff "materially breached the [Financing Agreement] . . . by failing to timely pay the full amounts owed under the [Financing Agreement]" and by failing to ensure the title shows Defendant's security interest in the Vehicle, as required under the Financing Agreement's terms. (Counterclaim ¶¶ 10–11.) However, Defendant has failed to plead its own performance of the contract. Plaintiff entered into the Financing Agreement in exchange for a 2019 Dodge Charger. Defendant must plead enough facts

---

[8] Defendant cites *Accurate Abstracts, LLC v. Havas Edge, LLC*, No. 14-CV-1994, 2015 WL 5996931, at *10 (D.N.J. Oct. 14, 2015) in its supplemental brief on choice of law for the elements of breach of contract under New Jersey law. (ECF No. 24 at 4.) Although *Accurate Abstracts* does not include the requirement that a party asserting breach plead its own performance, the case acknowledges that "[c]ourts in this circuit sometimes cite as a fourth element that the plaintiff has performed its own obligations under the contract" and that there is "no doubt" that "each party's performance may be a condition precedent to the other's duty to perform." *Accurate Abstracts, LLC*, 2015 WL 5996931, at *4 n.4. Moreover, this Court finds that the weight of the case law in New Jersey supports that pleading performance is required. *See Globe Motor Co. v. Igdalev*, 139 A.3d 57, 64 (N.J. 2016) ("Our law imposes on a plaintiff the burden to prove four elements: first, that the parties entered into a contract containing certain terms; second, that plaintiffs did what the contract required them to do; third, that defendants did not do what the contract required them to do, defined as a breach of the contract; and fourth, that defendants' breach, or failure to do what the contract required, caused a loss to the plaintiffs." (citation modified)).

to plausibly show it upheld its side of the bargain, particularly in light of Defendant's August 25, 2022 letter to Plaintiff conceding that Plaintiff did not have a perfected interest in the Vehicle.[9] Because Defendant has failed to plead performance entirely, its breach of contract claim is dismissed without prejudice.

**B. Account Stated (Counterclaim II)**

As explained *supra*, to plead an account stated claim, New Jersey and Pennsylvania law both require some form of "proof of the existence of a debt from a transaction or series of transactions memorialized in such a statement." *Accounteks.Net, Inc.*, 2023 WL 3331802, at *8; *Citibank (S. Dakota) N.A. v. Ambrose*, No. 10-S-574, 2010 WL 3923159, at *405 (Pa. Com. Pl. June 8, 2010). Defendant's account stated counterclaim vaguely alleges that Defendant and Plaintiff "had financial transactions between them, as a result of which [Plaintiff] owed money to [Defendant]" and that Defendant "sent billing statements to [Plaintiff] reflecting the outstanding balance owed by [Plaintiff], and [Plaintiff] did not object to the statements." (Counterclaim ¶¶ 15–16.) The Counterclaim does not, however, show any proof of the existence of the debt, such as by attaching a statement. Because Defendant's Counterclaim fails to include any such proof of the debt, the Court will dismiss the account stated counterclaim without prejudice.

**C. Unjust Enrichment (Counterclaim III)**

Plaintiff argues that Defendant cannot plead an unjust enrichment claim where an express contract governs the relationship between the parties. (ECF No. 12 at 13 (citing *Wilson Area Sch. Dist. v. Skepton*, 895 A.2d 1250, 1254 (2006)).) Under both Pennsylvania and New Jersey law, an

[9] Plaintiff's Motion claims Defendant violated its obligations under UCC § 2-312 by failing to provide good title. (Motion ¶ 31.) The Court finds that, based on Defendant's pleading, it cannot determine whether that provision was breached. Defendant is advised to plead specific facts that will allow the Court to conduct this assessment in any amended counterclaim it files.

unjust enrichment claim may be pleaded in the alternative to a breach of contract claim, but an unjust enrichment claim cannot exist "when there is an *enforceable* agreement between the parties." *MK Strategies*, 567 F. Supp. 2d at 736; *see also Vantage Learning (USA), LLC v. Edgenuity, Inc*., 246 F. Supp. 3d 1097, 1100 (E.D. Pa. 2017). This Court has not reached a determination on the enforceability of the Financing Agreement because Defendant has not adequately pled performance. Defendant pleads its unjust enrichment counterclaim "[i]n the alternative" to its breach of contract claim, but it also claims that, under an unjust enrichment theory, it is entitled to the "entire balance due on the Contract." (Counterclaim ¶ 24.) Defendant thus attempts to plead unjust enrichment as an alternative theory of recovery to breach of contract, while also basing its unjust enrichment claim on that same contract. This evades reason. Defendant's counterclaim for unjust enrichment is therefore dismissed without prejudice. Defendant may replead the unjust enrichment counterclaim as an alternative theory separate and apart from recovery based on the Financing Agreement.

## VI. CONCLUSION

For the foregoing reasons, Defendant's Counterclaim is dismissed without prejudice. The Court grants Defendant 30 days to replead. An appropriate Order follows.

**BY THE COURT:**

**/s/ Hon. Kelley B. Hodge**

**HODGE, KELLEY B., J.**